IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR-112-K |
| RICHARD LAURENCE KADISH (04) | |

## PRELIMINARY ORDER OF FORFEITURE

Before the Court is the government's unopposed Motion for a Preliminary Order of Forfeiture, filed on November 8, 2022. After consideration, the Court determines the motion should be and is hereby granted.

The government notified the defendant that it would seek to forfeit $1,057.83 seized from Wells Fargo Bank Account No. XXXXXX5452 ("the Subject Property") upon the defendant's conviction on Counts One and Eight of the indictment.

Based on the defendant's guilty plea to Counts One and Eight of the indictment, and the factual basis established in the motion, the Court finds the Subject Property is subject to forfeiture to the government pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Accordingly, IT IS HEREBY ORDERED:

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), all right, title, and interest in the Subject Property is forfeited to the United States of America.

Under Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is

authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

Under 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order on the government's internet website, www.forfeiture.gov.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claims, and the relief sought.

Under Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the

Subject Property following the Court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

Under Fed. R. Crim. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

Upon adjudication of all third-party interests, this court will enter a final order of forfeiture addressing those interests.

**SO ORDERED.**

Signed November 8th, 2022.

_Ed Kinkeade_
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**